# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK NAVARRO, :
:
    Plaintiff, :
v. : 3:17-CV-2071
: (JUDGE MARIANI)
HOTEL BELVIDERE, LLC, et al., :
:
    Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On November 9, 2017, Plaintiff Frank A. Navarro filed a Complaint against Defendants Hotel Belvidere, LLC and The Ridge. (Doc. 1). Plaintiff's Complaint contained four counts: Count I – retaliation in violation of the Family Medical Leave Act; Count II – failure to engage in the interactive process and wrongful termination in violation of Americans with Disabilities Act ("ADA"); Count III – failure to engage in the interactive process and wrongful termination in violation of the Pennsylvania Human Relations Act ("PHRA"); and Count IV – detrimental reliance. On December 29, 2017, Navarro filed an Amended Complaint (Doc. 7), which contained two counts: Count I – failure to engage in the interactive process and wrongful termination in violation of the ADA; and Count II – detrimental reliance.[1]

---

[1] Both parties submitted briefs discussing a claim involving the PHRA (Doc. 20, at 6; Doc. 22, at 12-14). However, because that claim was removed from the Amended Complaint (Doc. 7), further discussion of that claim is unnecessary.

Following the completion of fact discovery, on November 30, 2018, Defendants filed a Motion for Summary Judgment (Doc. 19). In their supporting brief, Defendants assert that Navarro's ADA claim should be dismissed as a matter of law because Plaintiff's claim does not have "sufficient jurisdictional basis" under the ADA. (Doc. 20, at 3). Further, Defendants assert that they are entitled to summary judgment on Navarro's detrimental reliance claim because Navarro is an at-will employee. (*Id.* at 5).

Navarro, in his "Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment," contends that summary judgment should be denied because there is an outstanding dispute of material fact as to whether Defendants properly calculated the fifteen-employee threshold. (Doc. 22, at 6-9). Further, Navarro contends that summary judgment should be denied as to the detrimental reliance claim because, even though he was an at-will employee, a "verbal contract" was created between him and Defendants, on which he detrimentally relied. (*Id.* at 15-16).

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. 19). The parties have fully briefed the motion, and it is ripe for decision. For the reasons that follow, the Court will grant the Motion with respect to Plaintiff's detrimental reliance claim and deny the Motion with respect to the ADA claim.

## II. STATEMENT OF UNDISPUTED FACTS

The only material fact not disputed by either party is that Navarro was hired as an at-will employee, without a contract, and all of Defendants' employees were at-will employees. (Doc. 21, ¶ 5; Doc. 22-4, ¶ 5).

Defendants submit that the total number of employees for any particular calendar week exceeds fourteen employees for, at most, fifteen weeks in 2016 according to its count of employees and payment/salary records of 2016. (Doc. 21, ¶ 3). Navarro, however, disputes the way in which Defendants calculated its number of employees. (Doc. 22-4, ¶ 3).

Defendants also submit that they did not have fifteen employees for each working day for twenty or more weeks during the year of 2016. (Doc. 21, ¶ 4). However, Navarro contends that Defendants did have fifteen employees, based on Defendants' tax filings, and Defendants have not shown any other "daily logs, timesheets or schedules to support" Defendants' contention that they do not meet the fifteen-employee threshold. (Doc. 22-4, at ¶ 4).

## III. STANDARD OF REVIEW

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

### IV. ANALYSIS

**1. Americans with Disabilities Act Claim**

With respect to Navarro's ADA claim, the basis for Defendants' Motion for Summary Judgment is that Plaintiff does not meet the threshold for jurisdiction under the ADA, and thus "subject matter jurisdiction is contested by this Motion." (Doc. 20, at 4).

Under the Americans with Disabilities Act, "the term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12101(5)(A).

The fifteen-employee requirement is an element on the merits, not a jurisdictional requirement.[2] See Arbaugh v. Y & H Corp., 546 U.S. 500, 515 (2006) ("[T]he threshold number of employees for application of Title VII is an element of plaintiff's claim for relief, not a jurisdictional issue."); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. 2003) ("[T]he fifteen-employee threshold is a substantive element of a Title VII claim and is not jurisdictional."). As such, "if an aspect of a claim concerns the merits . . . on a Rule 56 motion for summary judgment [a court] must view the evidence in the light most favorable to the non-moving party and, if there are disputes over genuine issues of material fact, they are for the jury to resolve." See Nesbit, 347 F.3d at 83.

Here, there is a dispute over whether the Defendants meet the fifteen-employee threshold. While Defendants submit that they do not meet that threshold (Doc. 21, ¶¶ 3, 4), Navarro takes issue with Defendants' calculations of the threshold and contends that Defendants do meet the threshold. (Doc. 22-4, ¶¶ 3, 4).

Defendants have submitted as exhibits: handwritten wage and hour time sheets (Doc. 21-3, at 5-79), tax records (Doc. 21-3, at 80-83), and a handwritten calculation of the number of employees each week (Doc. 21-2). The Supreme Court has adopted the payroll

---

[2] The term "employer" is defined in the ADA as it is in Title VII. See 42 U.S.C. § 2000e(b). For this reason, courts look to case law under Title VII when addressing questions of coverage and individual liability under the ADA. See, e.g., Cohen v. Temple Physicians, Inc., 11 F.Supp. 2d 733, 736 (E.D. Pa. 1998) ("[W]hen addressing questions of individual liability under the ADA, ADEA and Title VII, courts look to case law under all three statutes. This is because the ADEA, ADA and Title VII definitions of 'employer' are virtually identical."); DeJoy v. Comcast Cable Comm., Inc., 941 F. Supp. 468, 474 (D.N.J 1996); see also Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir. 1996); Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1996).

method to determine whether an employer meets the fifteen-employee threshold, i.e., "whether an employer has an employment relationship with the individual on the day in question." *Walters v. Metro. Educ. Enters.*, 519 U.S. 202, 206 (1997). Using this method, the Court cannot ascertain on the record before it whether Defendants employed at least fifteen employees for twenty or more weeks. (Doc. 21-3, at 5-79). The handwritten wage and hour time sheets do not contain any relevant dates for the Court to know when each employee was working. The Defendants' handwritten calculations exclude the months of October, November, and December 2016 from the analysis, and those months are certainly necessary for determining whether the Defendants meet the fifteen-employee threshold. (Doc. 21-2). Finally, the tax forms actually suggest that sixteen employees were retained on the Defendants' payroll from January 1, 2016 through June 30, 2016. (Doc. 21-3 at 80-81). However, without further information, such as when each employee was hired, or whether Defendants had an employment practice that would exclude an employee from the analysis on a given week, the Court cannot conclude from review of the tax forms that Defendants did or did not meet the fifteen-employee threshold for the requisite number of weeks.

Accordingly, the Court will deny summary judgment with respect to Count I of the Plaintiff's Amended Complaint, alleging a violation of the ADA.

2. **Detrimental Reliance**

With respect to Navarro's detrimental reliance claim, Defendants argue that no contract was ever formed between Defendants and Navarro because Navarro was an at-will

employee. (Doc. 20, at 5). In his brief in opposition to summary judgment, Navarro argues that he and Defendants "engaged in a verbal contract when Plaintiff requested time off to treat his medical condition," and Navarro detrimentally relied on that "verbal contract." (Doc. 22, at 12). Navarro cites to no factually analogous cases to support his argument that his reliance on an oral promise by his employer overcomes the undisputed fact that his employment was at-will. Instead, Plaintiff relies on cases which merely recite the elements for promissory estoppel. (*Id.*)

Under well-established Pennsylvania state court precedent, "the doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with our [*sic*] without cause, and our law does not prohibit firing an employee for relying on an employer's promise." *Paul v. Lankenau Hosp.*, 569 A.2d 346, 348 (Pa. 1990); *see also Dyche v. Bonney*, 277 F. App'x 244, 246 n.1 (3d Cir. 2008) ("[U]nder the Pennsylvania Supreme Court's decision in *Paul*, [employee-plaintiff's] promissory estoppel theory is not a legally cognizable cause of action in Pennsylvania.").

Here, Navarro does not dispute that he is an at-will employee. (Doc. 22-4, ¶ 5). Therefore, as a matter of law, even if Defendants made a promise to Navarro, Navarro would have no legal entitlement to relief based on a theory of detrimental reliance. Because there is no genuine issue of material fact as to whether he was an at-will employee in a state that does not recognize detrimental reliance as an exception to the at-will employment

rule, the Court will grant Defendants' Motion for Summary Judgment as it relates to Count II of the Amended Complaint.

## V. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment with respect to Count II and deny Defendants' Motion for Summary Judgment with respect to Count I.

A separate Order follows.

Robert D. Mariani
United States District Judge